WHITNEY GLASS WORKS, PROSECUTOR, v. THE TOWNSHIP OF GLASSBORO, IN THE COUNTY OF GLOUCESTER.

Submitted December 3, 1909—Decided March 4, 1910.

1. When the proceedings of a municipal corporation have contemplated and resulted in the expenditure of public money, objections, even when founded on lack of authority, must be made promptly.

2. If the prosecutor suffers a public work, on account of which his property may properly be assessed for benefits, to proceed for several weeks without applying for a writ of *certiorari* to review the validity of the ordinance requiring such work to be done, and only applies for the writ after the work is nearly completed at a large expenditure of public moneys, the writ will be refused, or, if allowed, will be dismissed when these facts are brought to the attention of the court.

On *certiorari*.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutor, *Austin II. Swackhamer*.

For the defendant, *Francis B. Davis* and *Joseph J. Summerill*.

The opinion of the court was delivered by

TRENCHARD, J.     This *certiorari* brings up for review an ordinance passed by the township committee of the township of Glassboro, in the county of Gloucester, providing for the construction, curbing, paving, repaving and repairing of the sidewalks of certain streets therein named on which the prosecutor is an abutting landowner.

The several reasons assigned why the ordinance is invalid and should be set aside we shall not consider, because we are of the opinion that the motion of the defendant, formally made, that the writ be dismissed for laches, should be granted.

The township committee was empowered by section 36 of the Township act (*Pamph. L.* 1899, *p.* 388) to cause the work

provided for by the ordinance to be done at the cost and expense of the owners of the lands in front of such improvement. Section 37 provides that before any work thus provided for is done notice shall be given to such owner requiring him to perform the work within thirty days thereafter. Section 38 provides that if the owner neglects to do such work within the time limited in such notice it shall be the duty of the township committee to have the same done, and subsequent sections provide for appropriate proceedings for an assessment upon the owners of abutting land of a proper proportion of the cost thereof.

The record exhibits the following facts: Proper notice of the intention to pass the ordinance in question was given. On June 1st, 1909, the ordinance was finally passed. On the same day actual notice in writing, as required by section 37 of the act, was given the prosecutor of the passage of the ordinance and that it was required to do the work called for by the ordinance. On June 4th like notice was duly published in a newspaper. On July 7th, 1909, the work not being done by the prosecutor, the township committee, after calling for bids, awarded a contract to a paving company for the work called for by the ordinance. On July 9th, 1909, the contractor began the work, and, before July 17th, 1909, had done work to the value of $569.02. On July 17th, 1909, a rule to show cause why a writ of *certiorari* should not be allowed was applied for and granted, and on August 23d, 1909, this writ was allowed.

It must be considered as completely settled in this state that when the proceedings of a municipal corporation have contemplated and resulted in the expenditure of public money, objections, even when founded on lack of authority, must be made promptly. *Read* v. *Atlantic City,* 20 *Vroom* 558, 562, and cases cited. The writ of *certiorari,* being discretionary, may be refused when it appears that the public interest will suffer or private injustice will be done. *State* v. *Green,* 3 *Harr.* 179. If the prosecutor suffers a public work, on account of which his property may properly be assessed for benefits, to proceed for several weeks without applying for his writ,

and only applies for it after the work is nearly completed at a large expenditure of public moneys, the writ will be refused, or, if allowed, will be dismissed when these facts are brought to the attention of the court. *Bowne* v. *Logan,* 14 *Vroom* 421; *Cunningham* v. *Merchantville,* 32 *Id.* 466.

We think the prosecutor failed to proceed with the diligence required by law. In standing passively by for a period of forty-six days after actual notice that the work was contemplated, and until $569.02 of the public money had been expended, the prosecutor is barred by laches from now inquiring into the validity of the ordinance under which the work was done and which is essential to an assessment upon his land for the benefits conferred. *McKevitt* v. *Hoboken,* 16 *Vroom* 482, 484.

Having thus reached the conclusion that the writ must be dismissed, it is unnecessary now to consider the effect upon this proceeding of section 93 of the Township act (*Pamph. L.* 1899, *p.* 412) providing that no *certiorari* shall be allowed to set aside any ordinance for any public improvement in any township after thirty days shall have elapsed from the date of the passage of such ordinance. It is, however, very significant as to the legislative policy in such matters.

The writ will be dismissed, with costs.